IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. FERRANTI, JR., and CASEY L. FERRANTI, his wife, : Plaintiffs : : v. : : JANET MARTIN, MARTIN TRUCKING, : L.L.C., and : WILLIE LEE ROWELL, JR., : Defendants : | No. 3:06cv1694 (Judge Munley) |

## MEMORANDUM

Before the court is defendants' motion to dismiss plaintiffs' claim for punitive damages (Doc. 3). The matter has been fully briefed and is ripe for disposition.

**Background**

This case arises from an April 7, 2005 collision between the automobile driven by Plaintiff Thomas R. Ferranti, Jr. (herinafter "Plaintiff") and the tractor-trailer driven by Defendant Willie Lee Rowell, Jr. According to the allegations in the complaint, at around 1:30 p.m. on that day, plaintiff was driving north on Interstate 81 near Scranton, Pennsylvania and operating at a safe and legal speed. Defendant Rowell was in his truck, immediately behind the plaintiff. Plaintiff's complaint alleges that Defendant Rowell was driving "in a reckless, careless and negligent manner." (Complaint, filed in the Lackawanna County Court of Common Pleas and filed as an exhibit with this court (Doc. 2) at ¶¶ 14, 18 (hereinafter "Complt.")). Rowell crashed into the rear bumper of plaintiff's vehicle so violently that his "license plate numbers

were imprinted in the bumper of" Ferranti's car. (Id. at ¶ 15). Plaintiff suffered a number of severe and permanent injuries from the collision, as well as mental anguish. Plaintiffs brought their original complaint on August 1, 2006 in the Court of Common Pleas of Lackawanna County, Pennsylvania. The complaint sought damages against Rowell for negligent and reckless conduct, and against the other defendants, who were owners of the business for which Rowell was working at the time of the accident, for vicarious liability and negligence in supervision and training. The plaintiffs sought punitive damages from the defendants for their allegedly reckless behavior. Plaintiff's wife also brought a complaint for loss of consortium. Defendants removed the case to this court on August 30, 2006 (Doc. 1). On September 1, 2006, defendants brought a motion to dismiss punitive damages from the case, and that motion is presently before the court.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiffs are citizens of the Commonwealth of Pennsylvania. The individual defendants are citizens of the Commonwealth of Virginia and the defendant corporation is a Virginia corporation with a principal place of business in the Commonwealth of Virginia. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendants bring their motion to dismiss punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging failure to state a claim upon which relief can be granted. When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Plaintiffs argue that defendants' motion to dismiss should be stricken for failure to comply with Local Rule 7.1, which requires that counsel for the moving party certify "that he or she has sought concurrence in the motion from each party in the motion, and that it has been either given or denied." L. R. 7.1. Defendants' motion does not contain this certification. While defendants must comply with the local rules in all respects, the prosecution of this case has not been hindered by defendants' failure to secure the required certification. Plaintiffs' brief in opposition to defendants' motion is clear evidence that plaintiffs do not concur with defendants' motion, and the court is well aware of that lack of agreement. Neither side has been prejudiced by the defendants failure to comply with the rules, and the court is able to

rule on defendants' motion without the certification. We will not, therefore, strike the motion on those grounds.

We do find, however, that the facts as a alleged by the plaintiff, if proved, could give rise to punitive damages in this case. Under Pennsylvania law, which we apply in this diversity case, "punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with *reckless indifference* to the interests of others." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 (Pa. 1985) (emphasis in original). Reckless indifference occurs when "some evidence that the person actually realized the risk and acted in conscious disregard or indifference to it" exists. Burke v. Maassen, 904 F.2d 178, 182 (3d Cir. 1990). To determine whether punitive damages are available, "the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant." Martin, 494 A.2d at 1096.

Here, the plaintiff alleges that defendant Rowell drove recklessly, and that he was indifferent to the clear danger that driving so close to the plaintiff could cause. Plaintiff alleges that Rowell drove erratically, violating state law, ignored the safety of others by driving too fast and too close to the car in front of him, and that Rowell's behavior constituted "total reckless indifference to the health, safety, and well-being of the Plaintiffs." (Complt. at ¶¶ 25, 27). While the facts may later prove that Rowell was merely negligent or not liable in any way for the accident, making such a

determination based only on these pleadings would be premature.[1] Plaintiffs have alleged that Rowell behaved with reckless indifference, and such a finding requires knowledge of the state of mind of the defendant. Because of the dangers that can follow from the tailgating and indifference alleged here, discovery is necessary to determine whether defendants' conduct and mental state were so reckless that they warrant awarding punitive damages.[2]  See, e.g. Lindsay v. Kvortek, 865 F. Supp. 264, 269 (W.D. Pa. 1994) (finding premature the dismissal of punitive damages in an auto accident case where plaintiffs alleged reckless indifference because "[a]t this early stage of the case, the Court cannot assume that plaintiffs will be unable to present any evidence to support a claim of punitive damages."). Because discovery is likewise here required to determine the validity of plaintiffs' allegations of reckless

---

[1] Defendants submit State Police reports on the accident as exhibits to the brief in support of their motion to dismiss punitive damages, arguing that those exhibits demonstrate that no reckless indifference occurred. Since we do not consider material outside of the pleadings in evaluating a motion to dismiss, we will exclude that material in ruling on this motion. See FED. R. CIV. P. 12(b) (establishing that when, on a motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56"); De Tore v Jersey City Public Employees Union, 615 F.2d 980, 983 (3d Cir. 1980) (finding that "[b]ecause the district court considered matters outside the pleadings, however, it should have treated the Secretary's motion [to dismiss] as a motion for summary judgment."). We decline to convert this motion to one for summary judgment. Since it is presented by the defense, this evidence would be more appropriate in a motion for summary judgment.

[2] Courts in Pennsylvania have clearly found that mere operation of an automobile–a large, potentially dangerous machine–can under some circumstances justify punitive damages. See, e.g., Focht v. Rababa, 268 A.2d 157, 161 (Pa. Super. 1970) (finding that "[i]n certain factual circumstances the risk to others by the drunken driver may be so obvious and the probability that harm will follow so great that outrageous conduct may be established without reference to motive or intent.").

indifference, we will deny defendants' motion to dismiss punitive damages. An appropriate order follows.

indifference, we will deny defendants' motion to dismiss punitive damages. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. FERRANTI, JR., and CASEY L. FERRANTI, his wife,   Plaintiffs | : No. 3:06cv1694 : : (Judge Munley) |
| v. | : |
| JANET MARTIN, MARTIN TRUCKING, L.L.C., and WILLIE LEE ROWELL, JR.,   Defendants | : : : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW,** to wit, this ___19th___ day of January 2007, the defendants' motion to dismiss punitive damages (Doc. 3) is hereby **DENIED**.

BY THE COURT:

/s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court