## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS R. FERRANTI, JR., and** | : | No. 3:06cv1694 |
| **CASEY L. FERRANTI, his wife,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **JANET MARTIN, MARTIN TRUCKING,** | : | |
| **L.L.C., and** | : | |
| **WILLIE LEE ROWELL, JR.,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court are defendants' motions *in limine* (Docs. 21-24) and plaintiffs' motion to strike (Doc. 28). Having been fully briefed, the matters are ripe for disposition.

## I. Background

This case arises from an April 7, 2005 collision between the automobile driven by Plaintiff Thomas R. Ferranti, Jr. (herinafter "Plaintiff") and the tractor-trailer driven by Defendant Willie Lee Rowell, Jr. According to the allegations in the complaint, at around 1:30 p.m. on that day, plaintiff was driving north on Interstate 81 near Scranton, Pennsylvania and operating at a safe and legal speed. Defendant Rowell was in his truck, immediately behind the plaintiff. Plaintiff's complaint alleges that Defendant Rowell was driving "in a reckless, careless and negligent manner." (Complaint, filed in the Lackawanna County Court of Common Pleas and filed as an exhibit with this court (Doc. 2) at ¶¶ 14, 18 (hereinafter "Complt.")). Rowell crashed

into the rear bumper of plaintiff's vehicle so violently that his "license plate numbers were imprinted in the bumper of" Ferranti's car.  (Id. at ¶ 15).  Plaintiff suffered a number of severe and permanent injuries from the collision, as well as mental anguish.  Plaintiffs brought their original complaint on August 1, 2006 in the Court of Common Pleas of Lackawanna County, Pennsylvania.  The complaint sought damages against Rowell for negligent and reckless conduct, and against the other defendants, who were owners of the business for which Rowell was working at the time of the accident, for vicarious liability and negligence in supervision and training.  The plaintiffs sought punitive damages from the defendants for their allegedly reckless behavior.  Plaintiff's wife also brought a complaint for loss of consortium.  Defendants removed the case to this court on August 30, 2006 (Doc. 1).  After we denied plaintiff's motion to preclude punitive damages from the case, the parties conducted discovery.  When discovery completed, we scheduled a date for a pre-trial conference.  Defendants then filed a number of motions *in limine* and plaintiffs responded.  Plaintiffs also filed a motion to strike two of defendants' motions.  The defendants then responded to that motion to strike, bringing the case to its present posture.

**II.  Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiffs are citizens of the Commonwealth of Pennsylvania.  The individual defendants are citizens of the Commonwealth of Virginia and the

defendant corporation is a Virginia corporation with a principal place of business in the Commonwealth of Virginia.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**III.  Discussion**

We will address each of the instant motions in turn.

**A.  Motion to Exclude Punitive Damages at Trial**

Defendants move to preclude recovery of punitive damages at trial.  (Doc. 21). They contend that plaintiff has developed no evidence that demonstrates the defendant driver engaged in the sort of recklessly indifferent behavior which would allow recovery of punitive damages.  They contend that the driver was not aware that he had struck the plaintiff's vehicle and that he was driving at an appropriate rate of speed.  Plaintiffs respond that the facts of the case–that the defendant driver followed far too close to the plaintiff, that he "fled" the scene of the accident, and that he appeared indifferent to the consequences of his actions–all demonstrate the reckless indifference necessary to obtain punitive damages in Pennsylvania.

Under Pennsylvania law, which we apply in this diversity case, "punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with *reckless indifference* to the interests of others."  Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 (Pa. 1985) (emphasis in original).  Reckless indifference exists "where the 'actor knows, *or has reason to know*, . . . of facts which

3

create a high degree of risk of physical harm to another, and deliberately proceeds

to act, or to fail to act, in conscious disregard of, or indifference to, that risk.'" SHV

Coal v. Continental Grain Co., 587 A.2d 702, 704 (Pa. 1991) (quoting Martin, 494

A.2d at 1097-98) (emphasis added).  After the plaintiffs present their evidence at

trial, a jury may conclude that the defendant driver's close following of the plaintiff

driver's car does not constitute evidence that the driver had reason to know the risk

his behavior caused and deliberately ignored that risk.  The question of deliberate

indifference is a question of fact, however, and one left to be resolved by the jury

with the use of relevant evidence.  Since evidence of how defendant drove his truck

is relevant to the applicability of punitive damages, we will not exclude it.  See FED.

R. EVID. 401 (defining "relevant evidence" as "evidence having any tendency to make

the existence of any fact that is of consequence to the determine of the action more

probable or less probable than it would be without the evidence.").  The defendants'

motion on this point will be denied.

**B.  Motion to Exclude Expert Testimony on Potential Future Medical Costs at the Time of Trial**

Defendants also move to exclude expert testimony on plaintiffs' future medical

expenses (Doc. 22).  They argue that testimony by plaintiffs' medical expert of future

potential medical expenses is too speculative and lacks a reasonable explanation for

the basis of his estimate.  Plaintiffs respond that the opinions of Dr. Robert O'Leary

were the result of his August 2007 examination of plaintiff Thomas Ferranti, and that

4

he based his assessment of the costs of future care on the results of this examination and his consultation of the plaintiff's medical records.  Since plaintiffs have not yet incurred the anticipated medical expenses, the medical experts can only offer an estimate, not a specific and certain prediction, of those future costs.

Defendants point to authority that establishes that a plaintiff must provide expert medical evidence by which could convince a jury that the amount of future medical expenses claimed is reasonable, and that such testimony cannot be merely speculative.  See, e.g., Cohen v. Albert Einstein Medical Center, 592 A.2d 720, 729 (Pa. Super. Ct. 1991) (holding that "[a]n item of damage claimed by a plaintiff can properly be submitted to the jury only where the burden of establishing damages by proper testimony has been met[;] . . . [a[ plaintiff need only provide the jurors with a reasonable amount of information sufficient to enable them to estimate damages without engaging in speculation.").   Defendants attack plaintiffs' proposed expert testimony as insufficient to prove their claim of future expenses; plaintiffs dispute this contention.  In effect, defendants seek to use a motion *in limine* to have the court resolve a factual dispute, not to resolve a dispute about the admissibility of evidence. The law, however, leaves such a question of fact to the jury, and evidence that is relevant to proving plaintiff's claim–even if inadequate–is certainly admissible. See Martin, 494 A.2d at 1095 n.5 (establishing that a plaintiff must "present competent evidence from which *the jury* can reasonably determine the degree to which future consequences of a present injury are probable and, accordingly, what the amount of

5

any damages award shall be.") (emphasis added); FED. R. EVID. 402 (establishing

that "[a]ll relevant evidence is admissible, except as otherwise provided by the

Constitution of the United States, by Act of Congress, by these rules, or by other

statutory authority.  Evidence which is not relevant is not admissible.").   We will

therefore deny defendants' motion on this point.

### C.  Motion to Exclude Evidence of the Issuance and Guilty Pleas Regarding Defendant Rowell's Traffic Citations

Defendants seek exclusion of evidence of traffic citations received by and

guilty pleas of Defendant Willie Lee Rowell from trial (Doc. 23).  Defendants point

out that the Pennsylvania State Police issued two citations to Defendant Rowell

related to the accident at question in this case.  These citations were for violation of

75 PA. C.S.A. §§ 3310 and 3714, summary offenses for which Rowell paid fines of

less than $100.  They argue that allowing evidence of those citations at trial would

be unfairly prejudicial to the defendants.  While the defendants admit that those

citations are admissible under the Federal Rules of Evidence, they contend that the

citations mandated only minor penalties, that they addressed an accident where the

injuries were minor and that, as an out of state resident, Defendant Rowell had little

incentive to return to the state to contest them.  Allowing the citations into evidence,

defendants argue, would lead to unfair prejudice, since "the jury will likely attach

more weight to the evidence than is in fact warranted under the circumstances."

(Memorandum of Law in Support of Motion in Limine to Exclude Evidence of Traffic

Citations (Doc. 23) at 4).

The offenses for which the defendant were cited constitute "close following" and "careless driving." See 75 PA. C.S.A. §§ 3310 and 3714. The citations at issue here are clearly relevant to the case. See FED. R. EVID. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determine of the action more probable or less probable than it would be without the evidence."). Here, one of the questions to be litigated is whether Defendant Rowell drove in a reckless manner that should entitle plaintiff to punitive damages. Traffic citations of the sort Rowell received after the accident will help the jury in answer such factual questions. We cannot, therefore, exclude the evidence on relevancy grounds.

Defendants argue that introduction of that evidence would be unduly prejudicial. See FED. R. EVID. 403 (establishing that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). While such evidence may cause a jury to conclude that Defendant Rowell behaved in an improper manner, such evidence is not prejudicial merely because a jury may use it to find in the plaintiffs' favor. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 n.8 (3d Cir. 2002) (holding that "any evidence that tends to harm a party's case could be said to prejudicial. Thus the prejudicial effect of admitting the

evidence must rise to the level of creating an unfair advantage for one of the parties

for the evidence to be excluded under Rule 403.").   While defendants may be

correct that the citations should not be seen as evidence of reckless or severely

improper behavior, we do not find that they would cause the jury to make a decision

for the wrong reason.   Nothing would prevent defendants from explaining to the jury

the context under which those violations arose.   Armed with such information from

the defendants, a jury could determine the significance of the evidence.   Since we

find that no undue prejudice would result from introducing the citations, we will deny

the defendants' motion on this point.

### D.  Motion to Preclude Plaintiffs' Negligent Hiring Claims

Defendants move to preclude plaintiffs' negligent hiring, training and

supervision claims at trial (Doc. 24).   They argue that plaintiff has failed to depose

any witnesses from the defendant company and therefore can introduce no evidence

that the company had any knowledge that it employed an incompetent and

dangerous driver or that the Company failed properly to train or supervise that driver.

Defendants also argue that we should preclude any testimony on this matter

because plaintiffs have failed to introduce an expert witness to discuss defendants'

alleged failures in training and supervision. Plaintiffs have informed us that they do

not oppose this motion.   We will therefore grant it as unopposed.

### E. Plaintiffs' Motion to Strike Defendants' Motions in Limine Regarding Negligent Hiring and Punitive Damages

8

Plaintiffs argue that we should strike defendants' motions regarding negligent hiring and punitive damages (Doc. 28) because those motions are in effect dispositive motions and therefore are untimely.  When the court set scheduling deadlines in this case, plaintiffs argue, the deadline for dispositive motions was in September 2007.  Since the motions in limine are in effect dispositive motions, they are untimely and should be denied.  Because we have denied those motions on substantive grounds, we will decline to address this procedural issue.

## IV.  Conclusion

We will deny the defendants' motions *in limine*, with the exception of defendants' motion to preclude evidence related to plaintiffs' claims for negligent hiring.  We will grant that motion as unopposed.  We will also deny plaintiff's motion to strike as moot.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS R. FERRANTI, JR., and** | : | No. 3:06cv1694 |
| **CASEY L. FERRANTI, his wife,** | : | |
| **Plaintiffs** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **JANET MARTIN, MARTIN TRUCKING,** | : | |
| **L.L.C., and** | : | |
| **WILLIE LEE ROWELL, JR.,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 8th day of January 2007:

1) The defendants' motion to exclude punitive damages (Doc. 21) is hereby **DENIED**;

2) The defendants' motion to exclude expert testimony on future medical expenses (Doc. 22) is hereby **DENIED**;

3) The defendants' motion to exclude evidence of Defendant Rowell's traffic citations (Doc. 23) is hereby **DENIED**;

4) The defendants' motion to exclude plaintiffs' negligent hiring, training and supervision claims (Doc. 24) at trial is hereby **GRANTED** as unopposed; and

5) The plaintiffs' motion to strike (Doc. 28) is hereby **DENIED** as moot.

**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**